UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
ERIC PUELLO, on behalf of himself, individually,
and all other persons similarly situated,

                                      Docket No.:

                Plaintiff,

        -against-                            **COMPLAINT**

WEBER FARHAT O'CONNOR REALTY MANAGEMENT
INC. d/b/a WEBER FARHAT REALTY MANAGEMENT
INC., WEBER FARHAT REALTY MANAGEMENT INC.,
JEFFREY WEBER, MARK WEBER, 170-176 WEST 89TH
STREET APARTMENT CORP., and WILLIAM RANDOLPH
a/k/a BILL RANDOLPH,

                Defendants.
--------------------------------------------------------------------------X

        Plaintiff, Eric Puello, on behalf of himself, individually, and all other persons similarly

situated, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of

the Defendants, Weber Farhat O'Connor Realty Management Inc. d/b/a Weber Farhat Realty

Management Inc., Weber Farhat Realty Management Inc., Jeffrey Weber, Mark Weber, 170-176

West 89th Street Apartment Corp., and William Randolph a/k/a Bill Randolph (collectively as

"Defendants"), allege as follows:

**NATURE OF THE CLAIM**

        1.     Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor

Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law, Articles 6 and

19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations ("NYLL"),

for failure to pay the minimum wage rate under the FLSA and NYLL, for unlawful deductions

from wages pursuant to NYLL § 193, for failure to issue timely payment of wages pursuant to the

FLSA and NYLL § 191, failure to furnish a wage notice upon his hire under NYLL § 195(1),

failure to provide accurate wage statements for each pay period under NYLL § 195(3), unjust enrichment under New York common law, and any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff brings this lawsuit against the Defendants Weber Farhat O'Connor Realty Management Inc. d/b/a Weber Farhat Realty Management Inc., Weber Farhat Realty Management Inc., Jeffrey Weber and Mark Weber (hereinafter as "Weber Defendants') pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Weber Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any Weber FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

3.      Plaintiff brings this lawsuit against the Weber Defendants and Defendants 170-176 West 89th Street Apartment Corp., and William Randolph a/k/a Bill Randolph (hereinafter as "Apartment Corp. Defendants") pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Weber Defendants' and Apartment Corp. Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

4.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the

Weber Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

## THE PARTIES

7.      At all times relevant, Plaintiff Eric Puello ("Puello" or "Plaintiff") was a resident of the County of New York, State of New York.

8.      At all times relevant, Plaintiff Puello was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

9.      At all times relevant, Defendant Weber Farhat O'Connor Realty Management Inc. d/b/a Weber Farhat Realty Management Inc. is and was a domestic business corporation with multiple business locations and has a principal place of business at 236 West 26th Street, Suite 805, New York, New York 10001.

10.     At all relevant times, Defendant Weber Farhat O'Connor Realty Management Inc. was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to tools, cleaning supplies, painting equipment, paint,

construction materials, garbage and recycling receptacles, garbage bags, paper, pens, cellular telephones, and other tools, equipment and materials.

11.    At all times relevant, Defendant Weber Farhat O'Connor Realty Management Inc. was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

12.    At all times relevant, Defendant Weber Farhat Realty Management Inc. is and was a domestic business corporation with a principal place of business at 236 West 26th Street, Suite 805, New York, New York 10001.

13.    At all relevant times, Defendant Weber Farhat Realty Management Inc. was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to tools, cleaning supplies, painting equipment, paint, construction materials, garbage and recycling receptacles, garbage bags, paper, pens, cellular telephones, and other tools, equipment and materials.

14.    At all times relevant, Defendant Weber Farhat Realty Management Inc. was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

15.    At all times relevant, Defendant Jeffrey Weber is and/or was an officer or owner of Weber Farhat O'Connor Realty Management Inc. d/b/a Weber Farhat Realty Management Inc. and Weber Farhat Realty Management Inc., had authority to make payroll decisions for both corporations and 170-176 West 89th Street Apartment Corp., had authority to make hiring, firing and other personnel decisions for both corporations and 170-176 West 89th Street Apartment Corp., including the decision to terminate Plaintiff's employment, was active in the day to day

management of both corporations and 170-176 West 89th Street Apartment Corp., including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and was responsible for maintaining personnel records for employees of these corporations, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

16.     Beginning in or about February 2021 and at all times relevant thereafter, Defendant Mark Weber is and/or was a manager for Weber Farhat O'Connor Realty Management Inc. d/b/a Weber Farhat Realty Management Inc. and Weber Farhat Realty Management Inc., had authority to make payroll decisions for both corporations and 170-176 West 89th Street Apartment Corp., had authority to make hiring, firing and other personnel decisions for both corporations and 170-176 West 89th Street Apartment Corp., including the decision to terminate Plaintiff's employment, was active in the day to day management of both corporations and 170-176 West 89th Street Apartment Corp., including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, was responsible for maintaining personnel records for employees of these corporations, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

17.     At all times relevant, Defendant 170-176 West 89th Street Apartment Corp., is and was a domestic business corporation with principal places of business at 170-176 West 89th Street, New York, New York 10024 and place of business at 236 West 26th Street, Suite 805, New York, New York 10001.

18.     At all relevant times, Defendant 170-176 West 89th Street Apartment Corp. was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for

commerce, including but not limited to tools, cleaning supplies, painting equipment, paint, construction materials, garbage and recycling receptacles, garbage bags, paper, pens, cellular telephones, and other tools, equipment and materials.

19.     At all times relevant, Defendant 170-176 West 89th Street Apartment Corp. was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

20.     At all times relevant, Defendant William Randolph a/k/a Bill Randolph is and/or was an officer and/or president of 170-176 West 89th Street Apartment Corp., had authority to make payroll decisions for 170-176 West 89th Street Apartment Corp., had authority to make hiring, firing and other personnel decisions for 170-176 West 89th Street Apartment Corp., was active in the day to day management of 170-176 West 89th Street Apartment Corp., including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, was responsible for maintaining personnel records for employees for 170-176 West 89th Street Apartment Corp., and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

21.     Defendants Weber Farhat O'Connor Realty Management Inc. d/b/a Weber Farhat Realty Management Inc. and Weber Farhat Realty Management Inc. (both collectively as the "Weber Corporations") are a single company operating under two entity names as a common enterprise, with interrelated operations, common owners and officers, common management, a centralized control of labor relations, and common financial control within their businesses, including with respect to their payroll for employees, and operate from a common principal principle place of business.

22.     Defendants Weber Corporations and 170-176 West 89th Street Apartment Corp. are three corporations that operate jointly as a common enterprise.   Defendants Weber Corporations and 170-176 West 89th Street Apartment Corp. jointly operate multiple apartment

buildings and jointly employ Plaintiff. Within the scope of Defendant 170-176 West 89th Street Apartment Corp.'s business, Defendants Weber Corporations and 170-176 West 89th Street Apartment Corp. share interrelated operations, common management, a centralized control of labor relations, and common financial control within their businesses, including with respect to their payroll for employees. Defendants Weber Corporations and 170-176 West 89th Street Apartment Corp. share a common facility at their mutual places of business at 170-176 West 89th Street, New York, New York 10024 and 236 West 26th Street, Suite 805, New York, New York 10001. Additionally, Plaintiff cannot ascertain which corporation is his employer or which corporation they are performing services for at any given time at the services are mutually provided to both corporations at all times and for the mutual benefit and interest of both corporations simultaneously. Moreover, Defendants Weber Corporations and 170-176 West 89th Street Apartment Corp. jointly supervised Plaintiff, including overseeing his day-to-day activities, duties, and scheduling, had authority to make payroll decisions regarding his employment, had authority to make hiring, firing and other personnel decisions for Plaintiff, were active in the day to day management of 170-176 West 89th Street Apartment Corp., including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and were responsible for maintaining personnel records for Plaintiff. In particular, Plaintiff receives compensation from both corporations, as he is paid by a single check from both entities for the same work performed in the same workweek during each pay period.

## FACTS

23.    Defendants manage approximately 100 residential properties, including cooperative and condominium apartment buildings, in and around New York City, including within Manhattan.

24.     Defendants employed Plaintiff Puello as a non-exempt superintendent and laborer from on or about September 1, 2019 through on or about August 9, 2021.

25.     Throughout his employment, Plaintiff Puello was responsible for performing various manual tasks, including but not limited to remodeling apartments, painting, plastering, recycling and garbage removal, sweeping, cleaning, routine repairs, emergency repairs, and other services as needed, as well as significant periods of standing, walking and lifting.

26.     Throughout his employment, Plaintiff Puello performed these services in two buildings managed by Defendants.

27.     Throughout his employment, Plaintiff Puello regularly worked seven days per workweek.  Throughout his employment, Plaintiff Puello regularly worked on Monday through Sunday from approximately 6:30 a.m. until 6:00 p.m., or sometimes even later.  Throughout his employment, Defendants did not afford Plaintiff Puello an uninterrupted meal break during most workdays.  Plaintiff received an uninterrupted meal break of thirty minutes only approximately twice per work week.  Accordingly, Defendants required Plaintiff Puello to work, Plaintiff Puello did regularly work, 79.5 hours or more hours during each workweek for these regular hours worked.

28.     Additionally, throughout his employment, Defendants required Plaintiff to collect and take out garbage and recycling during the evenings after his regular shift ended for each workday approximately three to four days per workweek, which commonly required Plaintiff to perform between forty-five minutes to one and one-half hours of additional work to complete outside of his regular work hours.  Defendants did not pay Plaintiff any additional compensation for these hours worked.

29.     Throughout his employment, Defendants required Plaintiff to respond to and remedy any emergencies encountered by Defendants' tenants both during his regular workday and during his hours off work, including after 6:00 p.m. until 6:30 a.m. each workday and on weekends. Throughout his employment, Defendants required Plaintiff to respond to and remedy such emergencies encountered by its tenants during hours outside of his regular workday multiple times per week, often at least twice or even more often each workweek.  These services frequently required Plaintiff to return to Defendants' premises when he was not onsite to respond to such emergencies.  These emergency services commonly required one to two hours of work to complete for each instance, and could take several more hours to accomplish, depending on the nature of the emergency.  Plaintiff reported these instances of performing emergency work to Defendants. Defendants did not pay Plaintiff any additional compensation for these hours worked.

30.     Accordingly, Defendants required Plaintiff Puello to work, and Plaintiff Puello did regularly work, well in excess of forty hours during each workweek.

31.     Throughout his employment, Defendants required Plaintiff Puello to be on-call at all times, twenty-four hours per day, seven days per week, to respond to tenant requests and perform work as needed.

32.     Throughout his employment, Defendants paid Plaintiff Puello a fixed monthly salary of $1,500.00, regardless of his number of hours worked each workweek.  Throughout his employment, despite regularly working in excess of forty hours per workweek, Defendants failed to pay Plaintiff Puello at the statutorily required overtime rate of one and one-half times the minimum wage or his regular rate of pay, whichever is greater, for hours worked in excess of forty hours in violation of the FLSA and NYLL.

33.     Moreover, throughout his employment, Plaintiff's monthly salary, when converted to an hourly regular rate of pay by operation of law for each pay period, results in an hourly rate of pay below the mandated minimum wage in violation of the FLSA and NYLL.

34.     Throughout his employment, Defendants maintained an unlawful policy wherein Defendants required Plaintiff to personally compensate other individuals to perform work ordinarily performed by Plaintiff from his wages earned for each day that he did not perform work. As such, in each instance that Defendants permitted Plaintiff a day off work within the terms of his employment, such as for vacation or sick days, Defendants required Plaintiff to compensate others to perform his duties during those days.  By doing so, Defendants shifted a clear business expense that must fall on Defendants onto their employee, the Plaintiff, in a manner that is solely in Defendants' interests, and against Plaintiff's interests and without his authorization.  Thus, throughout his employment, Defendants made numerous unlawful deductions to Plaintiff's wages earned in violation of NYLL § 193 and constituting unjust enrichment under New York common law.

35.     Throughout his employment, Defendants did not track or record the hours worked or number of hours worked by Plaintiff Puello.

36.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by failing to track or maintain records of hours worked by Plaintiff and failing to pay him in accordance with his hours worked in order to intentionally deprive Plaintiff of compensation.

37.     Throughout his employment, Plaintiff Puello regularly performed manual tasks during the majority of his hours worked and, therefore, Plaintiff Puello spent more than twenty-five percent of his hours worked each week performing such manual tasks.

38.     Throughout his employment, Defendants paid Plaintiff Puello by check once per month.  During certain pay periods, Defendants paid Plaintiff his wages even less frequently as Defendants paid Plaintiff his wages two or more months after his wages were earned on multiple occasions.

39.     Thus, throughout his employment, Defendants failed to timely pay Plaintiff Puello his wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191, and failed to timely pay Plaintiff Puello his wages earned under the FLSA.

40.     Throughout their employment, Plaintiff, FLSA Collective Action Members, Weber FLSA Collective Action Members, and Class Members suffered an underpayment of wages each pay period because Defendants failed to pay their wages on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, as required by NYLL § 191, or within a timely period as required by the FLSA.

41.     Plaintiff, FLSA Collective Action Members, Weber FLSA Collective Action Members, and Class Members are manual workers who depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages.

42.     By withholding the wages due and owing to the Plaintiff, FLSA Collective Action Members, Weber FLSA Collective Action Members, and Class Members, Defendant deprived the Plaintiff, FLSA Collective Action Members, Weber FLSA Collective Action Members, and Class Members of use of those funds to meet their everyday expenses and provide for their basic needs including, but not limited to, food and groceries, rent or mortgage payments, gas or heating oil, utilities, medical supplies and services, insurance, automobile payments, fuel for vehicles,

education, daycare or childcare, public transportation, and other basic living expenses.  Further,

the earned wages were not available to Plaintiffs, FLSA Collective Action Members, Weber FLSA

Collective Action Members, and Class Members to invest and grow, save or accumulate interest.

43.    Defendants' failure to timely pay wages earned caused Plaintiff, FLSA Collective

Action Members, Weber FLSA Collective Action Members, and Class Members to suffer the same

or similar harms.

44.    Defendants failed to provide Plaintiff Puello with a notice and acknowledgement

of his wage rate upon Plaintiff's hire as required by NYLL § 195(1).

45.    Defendants failed to provide Plaintiff Puello with accurate – or any – wage

statements indicating, *inter alia*, his regular and overtime rates of pay, number of regular and

overtime hours worked, or his correct gross pay, net pay, or deductions, during each pay period as

required by NYLL § 195(3).

46.    Defendants treated and paid the Plaintiff, FLSA Collective Action Members,

Weber FLSA Collective Action Members, and Class Members in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS
## AGAINST THE WEBER DEFENDANTS

47.    At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and

have been similarly situated, have had substantially similar job requirements and pay provisions,

and are and have been subject to the Weber Defendants' decisions, policies, plans and common

policies, programs, practices, procedures, protocols, routines, and rules willfully failing and

refusing to pay them proper overtime compensation for hours worked in excess of forty (40) hours

each week.

48.    Upon information and belief, there are many current and former employees who

are similarly situated to the Plaintiff, who have been underpaid and harmed by such underpayments

in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting

on behalf of the Weber Defendants' current and former employees' interests as well as his own

interest in bringing this action.

49.    Plaintiff seeks to proceed as a collective action with regard to the First through

Third Claims for Relief, pursuant to 29 U.S.C. § 216(b), on behalf of himself and the following

similarly situated employees:

> All non-exempt persons who are currently, or have been employed
> by any or all of the Weber Defendants as a superintendent, porter,
> cleaner, painter and/or manual laborer and/or in any other similarly-
> situated position, at any time during the three (3) years prior to the
> filing of their respective consent forms ("Weber FLSA Collective
> Action Plaintiffs").

50.    The First Through Third Claims for Relief are properly brought under and

maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective

Action Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to

this action, their names and addresses are readily available from the Weber Defendants. These

similarly situated employees should be notified of and allowed to opt-into this action pursuant to

29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to

the Plaintiff, who have been unlawfully deprived of overtime pay, minimum wages and suffered

untimely payment of wages in violation of the FLSA, will be unable to secure compensation to

which they are entitled and which has been unlawfully withheld from them by the Weber

Defendants.

## COLLECTIVE ACTION ALLEGATIONS
## AGAINST ALL DEFENDANTS

51.    At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and

have been similarly situated, have had substantially similar job requirements and pay provisions,

and are and have been subject to the Weber Defendants' and Apartment Corp. Defendants'

decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them proper overtime compensation for hours worked in excess of forty (40) hours each week.

52.    Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid and harmed by such underpayments in violation of the FLSA.  The named Plaintiff is representative of those other workers and is acting on behalf of the Weber Defendants' and Apartment Corp. Defendants' current and former employees' interests as well as his own interest in bringing this action.

53.    Plaintiff seeks to proceed as a collective action with regard to the First Through Third Claims for Relief, pursuant to 29 U.S.C. § 216(b), on behalf of himself and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed jointly by the Weber Defendants and Apartment Corp. Defendants as a superintendent, porter, cleaner, painter and/or manual laborer and/or in any other similarly-situated position, at any time during the three (3) years prior to the filing of their respective consent forms ("FLSA Collective Action Plaintiffs").

54.    The First Through Third Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective Action Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Weber Defendants and Apartment Corp. Defendants.  These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay, minimum wages and suffered untimely payment of wages in violation of the FLSA,

will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Weber Defendants and Apartment Corp. Defendants.

## CLASS ACTION ALLEGATIONS
## AGAINST THE WEBER DEFENDANTS

55.     Plaintiff brings his Fourth through Tenth claims on behalf of himself, individually, and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by any of the Weber Defendants as a superintendent, porter, cleaner, painter and/or manual laborer and/or in any other similarly-situated position at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

56.     The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Weber Defendants.  The hours assigned and worked, the positions held, and rates of pay for each Class Member may also be determinable from the Weber Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Weber Defendants.  Notice can be provided by means permissible under Fed. R. Civ. P. 23.

57.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of the Weber Defendants, upon information and belief, there are more than forty (40) individuals who are currently, or have been, employed by the Weber Defendants as a superintendent, porter, cleaner, painter and/or manual laborer or in a similarly-situated position at any time during the six (6) years prior to the filing of this Complaint.

58.    The Weber Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

59.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)    Whether Defendants failed and/or refused to pay the Plaintiff and Class Members premium overtime compensation for hours worked in excess of forty hours in a single workweek;

(b)    Whether Defendants failed and/or refused to pay the Plaintiff and Class Members at their applicable minimum wage rates during each workweek;

(c)    Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and Class Members;

(d)    Whether Defendants made unlawful deductions to Plaintiff's and Class Members' wages;

(e)    Whether Defendants were unjustly enriched by requiring Plaintiff's and Class Members' wages to pay other persons for work performed on behalf of Plaintiff or Class Members;

(f)    Whether Defendants failed to pay Plaintiff and Class Members weekly and not later than seven calendar days after the end of the week in which their wages were earned;

(g)    Whether Defendants failed to furnish the Plaintiff and Class Members with a notice of wage rate upon their hire;

(h)    Whether Defendants failed to furnish the Plaintiff and Class Members with accurate wage notices for each pay period;

(i)    Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay and at their applicable minimum wage rates was done willfully and/or with reckless disregard of the state wage and hour laws;

(j)    Whether Defendants took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiff and Class Members;

(k) Whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiff and Class Members;

(l) Whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(m) What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

60. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All of the Class Members were subject to the same corporate practices of the Weber Defendants and suffered the same or similar harms as a result of those practices. The Weber Defendants' corporate-wide policies and practices affected all Class Members similarly, and the Weber Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

61. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

62. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

63. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants.

64. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

65. The members of the Class have been damaged and are entitled to recovery as a result of the Weber Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about the Weber Defendants' practices.

66. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)**

67. Plaintiff, any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, or any others in a similarly-situated position, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

68. Defendants employed Plaintiff, any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, or any others in a similarly-situated

position, for workweeks longer than forty (40) hours and willfully failed to compensate them for all of their hours worked in excess of forty (40) hours per week at a rate of at least one and one-half times the minimum wage or their regular hourly rate, whichever is greater, in violation of the FLSA.

69.    Defendants' violations of the FLSA have been willful and intentional.

70.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

71.    Due to Defendants' violations of the FLSA, Plaintiff, any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, or any others in a similarly-situated position, are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs.

### SECOND CLAIM FOR RELIEF
### (FAIR LABOR STANDARDS ACT – MINIMUM WAGES)

72.    Plaintiff, any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, or any others in a similarly-situated position, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

73.    Defendants employed Plaintiff, any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, or any others in a similarly-situated position, yet willfully failed to pay Plaintiff, any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, or any others in a similarly-situated position, the applicable minimum wage rate for all hours worked, in violation of the FLSA.

74.    Defendants' violations of the FLSA have been willful and intentional.

75.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

76.     Due to Defendants' violations of the FLSA, Plaintiff, any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, or any others in a similarly-situated position, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**THIRD CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT – FREQUENCY OF PAY VIOLATION)**

77.     Plaintiff, any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, or any others in a similarly-situated position, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

78.     Defendants employed Plaintiff, any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, or any others in a similarly-situated position, yet failed to timely pay them their wages earned by paying them their wages on a monthly basis or even less frequently than monthly, in violation of the FLSA.

79.     Defendants' violations of the FLSA have been willful and intentional.

80.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

81.     As a result of Defendants' unlawful acts, Plaintiff, any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, or any others in a similarly-situated position are entitled to recover liquidated damages in the amount of their delayed wages, attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

## FOURTH CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)

82.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

83.     Defendants employed Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, for workweeks longer than forty (40) hours and failed to compensate the Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, for hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the minimum wage or their regular hourly rate, whichever is greater, in violation of NYLL.

84.     By Defendants' failure to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, overtime wages for hours worked in excess of 40 hours per week, Defendants violated the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

85.     Defendants' violations of the NYLL have been willful and intentional.

86.     Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, are entitled to recover from Defendants unpaid overtime wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## FIFTH CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – MINIMUM WAGES)

87.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

88.     Defendants employed Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, and willfully failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, the applicable minimum wage rates for all hours worked, in violation of the NYLL and the supporting New York State Department of Labor Regulations.

89.     Defendants' violations of the NYLL have been willful and intentional.

90.     Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## SIXTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 191)

91.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

92.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, were manual workers as defined by the NYLL.

93.     Defendants were required to pay the Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, their compensation on a weekly basis, and not later than seven calendar days after the end of the week in which the wages were earned.

94.     Defendants failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191.

95.     Defendants' violations of the NYLL have been willful and intentional.

96.     Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, are entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

## SEVENTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 193)

97.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

98.     NYLL § 193 prohibits employers from taking any deductions from wages, except as required by law or regulation, or authorized by the employee for the employee's benefit.

99.     Defendants commonly made deductions to Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff's or Weber FLSA Collective Action Plaintiff's, wages, solely for the benefit of the Defendants, in violation of NYLL § 193 and the supporting New York State Department of Labor Regulations.

100.    Defendants' violations of the NYLL have been willful and intentional.

101.    Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, are entitled to damages in an amount to be determined at trial, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## EIGHTH CLAIM FOR RELIEF
### (UNJUST ENRICHMENT)

102.    Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

103.    Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, performed work for the benefit of Defendants, at Defendants' behest.  However, Defendants required Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, to compensate other persons from their own wages for work performed by such other persons for the benefit of and at the behest of Defendants.  By doing so, Defendants retained monies that they were required to pay to employees, per diem employees and/or other persons performing work for Defendants benefit by requiring Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action.  Thus, Defendants shifted a clear business expense that must fall on Defendants onto their employees.

104.    Due to Defendants' conduct in violation of New York common law, Defendants were enriched at the expense of Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

## NINTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 195(1))

105.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

106.     Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, with a written notice upon hire regarding, *inter alia*, their rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information required by NYLL § 195(1).

107.     Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, with the notice required by NYLL § 195(1), Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

## TENTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 195(3))

108.     Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

109.     Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, with accurate statements of their wages earned, including, *inter alia*, their regular and overtime rates of pay,

number of regular and overtime hours worked, or correct gross wages, net pay, or deductions, for each pay period as required by NYLL § 195(3).

110.    Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, with accurate wage statements as required by NYLL § 195(3), Plaintiff, Class Members and any FLSA Collective Action Plaintiff or Weber FLSA Collective Action Plaintiff who opts into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Class Members, FLSA Collective Action Plaintiffs and Weber FLSA Collective Action Plaintiffs pray for the following relief:

i.    An order restraining Defendants from any retaliation against Plaintiff, Class Members, FLSA Collective Action Plaintiffs and Weber Collective Action Plaintiffs for participation in any form in this litigation;

ii.    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Fair Labor Standards Act, and its supporting regulations, and the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor regulations;

iii.    Designation of this action as an FLSA collective action on behalf of the Plaintiff, FLSA Collective Action Plaintiffs and Weber Collective Action Plaintiffs, and any others in a similarly-situated position, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs and Weber Collective Action Plaintiffs, and any others in a similarly-situated position, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this

action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

iv.     Certifying this action a class action pursuant to Fed. R. Civ. P. 23;

v.     Unpaid wages, including overtime and minimum wages, and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

vi.     Unpaid wages, including but not limited to unpaid overtime and minimum wages, and an additional and equal amount as liquidated damages, pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

vii.     Damages pursuant to NYLL § 193, and an additional and equal amount as liquidated damages, pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

viii.     Liquidated damages for untimely payment of wages under the FLSA;

ix.     Damages pursuant to NYLL § 191;

x.     Damages pursuant to NYLL § 195(1);

xi.     Damages pursuant to NYLL § 195(3);

xii.     Damages for unjust enrichment under New York common law;

xiii.     Pre- and post-judgment interest as permitted by law;

xiv.     All attorneys' fees incurred in prosecuting these claims;

xv.     All costs incurred in prosecuting these claims; and

xvi.      Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
       January 31, 2022

                    LAW OFFICE OF PETER A. ROMERO PLLC
                    *Attorneys for Plaintiff*
                    490 Wheeler Road, Suite 250
                    Hauppauge, New York 11788
                    Tel.: (631) 257-5588

By:    _____
                    DAVID D. BARNHORN, ESQ.
                    PETER A. ROMERO, ESQ.